IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHERINE ABDELFATTAHFATHY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-1955-CFC |
| ST. MICHAEL'S SCHOOL & NURSERY, INC., | : | |
| Defendant. | : | |

Sherine Abdelfattahfathy, Wilmington, Delaware, Pro se Plaintiff.

Lindsay Neinast, Esquire, Littler Mendelson, PC, Washington, DC. Counsel for Defendant.

**MEMORANDUM OPINION**

October 7, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Sherine Abdelfattahfathy ("Plaintiff") who appears *pro se* and has paid the filing fee, filed this employment discrimination action on December 11, 2018. (D.I. 1) Defendant St. Michael's School & Nursery, Inc. ("Defendant") moves to dismiss for improper service. (D.I. 7) Plaintiff opposes.

## I. BACKGROUND

Plaintiff commenced this action on December 11, 2018. (D.I. 1) The Complaint was received and file-stamped on December 11, 2018, but was not docketed until December 12, 2018. The Court docket reflects that a summons issued on January 14, 2019 and again on March 14, 2019. On March 21, 2019, the Court entered an order for Plaintiff to show cause on or before April 18, 2019 why the Complaint should not be dismissed for failure to serve process as required by Fed. R. Civ. P. 4(m). (D.I. 4) On April 2, 2019, Defendant filed a motion to dismiss for improper service and, on April 18, 2019, Plaintiff filed a combined answering brief and response to the show cause order. (D.I. 7; D.I. 12) Defendant has also filed a reply. (D.I. 13)

## II. LEGAL STANDARDS

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. Under Rule 12(b)(5), the Court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate

1

when there exists a reasonable prospect that service may yet be obtained." *Id.*

Federal Rule of Civil Procedure 4(c)(1) states that a "summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(h) permits service of a corporation (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 90–day time limit for perfection of service following the filing of a complaint. If service is not completed within that time, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

While courts should grant *pro se* plaintiffs leniency in considering their filings, *pro se* plaintiffs are nevertheless expected to "follow the rules of procedure and the substantive law[.]" *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007). However, courts are generally "reluctant to dismiss an action where there is a possibility of proper service because dismissal 'needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its

merits.'" *Copia Commc'ns, LLC, v. AM Resorts, L.P.*, 2017 WL 2656184, at *6 (E.D. Pa. June 20, 2017) (citation omitted).

## III. DISCUSSION

Defendant moves for dismissal on the grounds that: (1) Plaintiff's service package was served upon Defendant's receptionist, a person who is not an agent authorized to accept service on its behalf; (2) the service package contained an unsigned complaint different from the Complaint that Plaintiff filed when she commenced this case; (3) Plaintiff never requested a waiver of service pursuant to Fed. R. Civ. P. 4(d); and (4) the attempt at service was not made until after expiration of the 90-day time-frame to serve Defendant.

Plaintiff responds that she was out of the country when the first summons issued in this case and, because she could not return home prior to the Rule 4(m) deadline, she asked Yasser Daoud ("Daoud"), a non-party individual, to serve Defendant. (D.I. 12 at 1) Plaintiff explains that Daoud was accidently emailed the "general complaint" that had been filled out but was not the actual docketed, court-stamped "employment Complaint." (*Id.* at 2) Daoud presented the "general complaint" to Rebecca Brasure ("Brasure") who did not advise Daoud that she could not accept the documents he served. (D.I. 12 at 2; D.I. 12-1 at ¶¶ 7-9)

On March 14, 2019, Daoud went to this Court's Clerk's Office with a copy of the summons and a signed and dated proof of service. (D.I. 12-1 at ¶¶ 10-11) Clerk's office personnel asked Daoud one or two questions and returned the papers to him. (*Id.* at ¶ 12) The Court docket reflects that the Clerk's Office reissued the summons

the same day. Plaintiff states that "seemingly, the person who attended to [Daoud] at the Clerk's Office misunderstood [] Daoud's purpose for being there." (D.I. 12 at 2) Daoud telephoned Plaintiff who was in Egypt and told her that the Complaint had been served. (*Id.* at ¶ 15)

After the motion to dismiss was filed and Plaintiff learned that service had seemingly been made upon an unauthorized individual, Plaintiff used a process server and had the "employment Complaint" mailed directly to the registered agent's listed address as well as to Defendant's executive director in an attempt to remedy an inadvertent procedural misstep. (D.I. 12 at 2-3) The proof of service indicates that there was personal service on Defendant's agent on April 17, 2019 at 11:10 a.m. (D.I. 12-1 at 9)

The Court finds that Plaintiff has proffered good cause for the failure to properly and timely serve Defendant. As a *pro se* litigant, there could be confusion over the filed date of December 11, 2018 versus the entered date of December 12, 2018, resulting in the one-day untimely attempt at service. Plaintiff also provides a valid explanation why the wrong complaint was initially served. In addition, while it is Plaintiff's burden to show proper service, Defendant does not explain why Brasure accepted the service packet when she was not authorized to do so. Moreover, when Plaintiff realized that service was not proper, she attempted to remedy the error with service of Defendant by a professional process server.

Therefore, the Court will deny without prejudice Defendant's motion to dismiss for improper service. To the extent that Plaintiff has not already properly served Defendant, she will be given an extension of time to properly effectuate service.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Defendant's motion to dismiss (D.I. 7) without prejudice to renew in the event the April 17, 2019 service of Defendant is defective or service is not properly made within the time allowed by the Court.

An appropriate order will be entered.